UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK LEE WILSON and CASEY LEIGH WILSON,<br><br>        Plaintiffs,<br><br>    v.<br><br>FCA US, LLC; CHRYSLER DODGE JEEP RAM; and DOES 1 through 10, inclusive<br><br>        Defendants. | No.  2:20-cv-00720-JAM-EFB<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO REMAND** |

This matter is before the Court on Patrick and Casey Wilson's ("Plaintiffs") Motion to Remand.  Mot. to Remand ("Mot."), ECF No. 9.  FCA US, LLC and Sacramento Chrysler Dodge Jeep Ram (collectively "Defendants") filed an opposition to Plaintiffs' motion, Opp'n, ECF No. 12, to which Plaintiffs replied, Reply, ECF No. 13.  After consideration of the parties' briefing on the motion and relevant legal authority, the Court GRANTS Plaintiffs' Motion to Remand.[1]

I.  BACKGROUND

On January 16, 2017, Plaintiffs bought a 2017 Chrysler

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for July 28, 2020.

1

Pacifica. Compl. ¶ 8, ECF No. 1-1. FCA US, LLC, a corporation incorporated in Delaware with a principal place of business in Michigan, manufactured and/or distributed the Chrysler Pacifica. Compl. ¶ 8; Notice of Removal ¶ 28. Sacramento Chrysler, an LLC organized under Delaware law, see Exs. F-G to Mayo Decl., ECF No. 1-1, with a principal place of business in Sacramento, California, see Mot. at 15, owns, operates, and maintains automobile dealerships around Sacramento County. Compl. ¶ 5. Plaintiffs' newly-purchased minivan came with an express written warranty. Compl. ¶ 9. During the warranty period, Plaintiffs' minivan displayed several defects. Compl. ¶ 10. Defendants have failed to conform the minivan to the applicable express warranties, replace the minivan, or provide restitution. Compl. ¶¶ 27, 34, 42, 59.

On March 2, 2020, Plaintiffs filed a lawsuit against Defendants in Sacramento Superior Court. Plaintiffs claimed Defendants committed fraud, negligently repaired their vehicle, and violated several provisions of California's "Song-Beverly Act," Cal. Civ. Code § 1790, et seq. See generally Compl. Defendants received a copy of Plaintiffs' complaint on March 9, 2020 and filed a timely notice of removal on April 7, 2020. See Notice of Removal, ECF No. 1. See also 28 U.S.C. § 1446(b); Fed. R. Civ. Proc. 6(a). The notice invoked the Court's diversity jurisdiction, arguing (1) the Court should dismiss Sacramento Chrysler as fraudulently joined; and (2) the amount in controversy exceeds $ 75,000. Notice of Removal ¶¶ 11-36. In response, Plaintiffs filed this motion to remand. See Mot.

As explained below, the Court finds that Defendants failed

to show Plaintiffs fraudulently joined Sacramento Chrysler. As a result, Defendants' claim of diversity jurisdiction under 28 U.S.C. § 1332(a) fails and prevents removal under 28 U.S.C. § 1441(b)(2). Because Defendants did not satisfy Section 1332's diversity requirement, the Court need not address the amount-in-controversy issue. Plaintiffs' motion to remand is granted.

## II. OPINION

### A. Timeliness

As an initial matter, Defendants argue Plaintiffs' motion is untimely. See Opp'n at 8. The Court disagrees. A motion to remand must be filed within 30 days of the notice of removal if it is based on any defect other than lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c). Plaintiffs' motion challenges the Court's subject matter jurisdiction. See Mot. at 3-15. Thus, the 30-day rule does not apply, and Plaintiffs' motion is timely. Henderson ex rel. Henderson v. Shinseki, 562 U.S. 428, 434 (2011) ("Objections to subject-matter jurisdiction [] may be raised at any time.").

### B. Fraudulent Joinder

#### 1. Legal Standard

For a defendant to remove a civil case from state court, he must prove the federal court has original jurisdiction over the suit. 28 U.S.C. § 1441. A federal court may exercise jurisdiction over a case involving purely state law claims when there is complete diversity between the parties and an amount in controversy exceeding $ 75,000. 28 U.S.C. § 1332(a). To satisfy Section 1332's diversity requirement, no plaintiff may be a citizen of the same state as any defendant. Id. When a

3

case is removed on the basis diversity jurisdiction, no defendant may be a citizen of the state where Plaintiff brought the suit.  28 U.S.C. § 1441(b)(2).

A court will dismiss a fraudulently-joined defendant and disregard its citizenship when determining whether the parties are diverse.  McCabe v. General Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1986).  A joinder is fraudulent when (1) there is actual fraud in the pleading of jurisdictional facts; or (2) a plaintiff cannot establish a cause of action against the non-diverse party in state court.  Id.  Courts do not often find joinder fraudulent—the burden of persuasion is high and rests squarely on defendants' shoulders.  Grancare, LLC v. Thrower by and through Mills, 889 F.3d 543, 548 (9th Cir. 2018).  A court resolves "all disputed questions of fact and all ambiguities in the controlling state law . . . in the plaintiff's favor."  Warner v. Select Portfolio Servicint, et al., 193 F. Supp. 3d 1132, 1135 (C.D. Cal. 2016).  After which, it must "appear to near certainty" that joinder was fraudulent.  Diaz v. Allstate Insur. Group, 185 F.R.D. 581, 586 (C.D. Cal. 1998).

When a defendant adopts the second approach to showing fraudulent joinder, he must prove plaintiff "fail[ed] to state a cause of action against a resident defendant . . . [that] is obvious according to the settled rules of the state."  Hunter v. Philip Morris USA, 582 F.3d 1039, 1043-44 (9th Cir. 2008). Courts do not take this obviousness requirement lightly.  If there is even a "possibility" that a state court would find that the complaint states a cause of action against any of the [non-diverse] defendants," a federal court "must find the defendant

4

properly joined and remand the case to state court." Grancare, LLC, 889 F.3d at 549 (emphasis and modification in original). In this sense, the test for fraudulent joinder differs from the test that governs a Rule 12(b)(6) motion to dismiss. Id. The Ninth Circuit recently highlighted this difference:

> If a plaintiff's complaint can withstand a Rule 12(b)(6) motion with respect to a particular defendant, it necessarily follows that the defendant has not been fraudulently joined. But the reverse is not true. If a defendant cannot withstand a Rule 12(b)(6) motion, the fraudulent inquiry does not end there . . . . [T]he district court must consider . . . whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend.

Id.

### 2. Analysis

Plaintiffs' only claims against Sacramento Chrysler are for breach of an implied warranty of merchantability and negligent repair. Compl. ¶¶ 45-49, 58-62. Defendants contend these claims obviously fail because: (1) the breach of implied warranty claim is non-specific and only alleges facts against FCA US; and (2) the negligent repair claim is meritless because of California's economic loss rule. Notice of Removal ¶¶ 32-34, 38-43. However, with regard to the breach of implied warranty claim, Defendants only raise it as an issue in their notice of removal. Id. Although Plaintiffs refute this argument in their opening brief, see Mot. at 8-10, Defendants do not respond to it in their opposition brief. Therefore, Defendants have arguably conceded the issue by silence. See Ardente, Inc. v. Shanley, Case No. 07-CV-4479-MHP, 2010 WL 546485 at *6 (N.D. Cal. 2010) ("Plaintiff fails to respond to this argument and therefore concedes it through silence."); see also E.D. Cal. L.R. 230(c).

Accordingly, the Court need not further address this argument.

Turning to Defendants' argument that Plaintiffs' negligent repair claim is meritless because of California's economic loss rule, the rule serves to broadly bar tort liability where only economic losses are asserted. See Robinson Helicopter Co., Inc. v. Dana Corp., 34 Cal.4th 979, 988 (2004). However, the rule "does not necessarily bar recovery in tort for damage that a defective product (e.g., a window) causes to other portions of a larger product (e.g., a house) into which the former has been incorporated." Jimenez v. Superior Court, 29 Cal.4th 473, 483 (2002) (finding the manufacturer of a defective window installed in a mass-produced home may be held strictly liable in tort for damage the window's defect caused to other parts of the home).

Plaintiffs have alleged defects to certain components of the minivan. To name a few, Plaintiffs claim to have had problems with the powertrain control module, the transmission control module, and the steering control module. See Compl. ¶¶ 10, 12-14. Plaintiffs also claim to have had problems with a variety of subcomponents connected or related to the transmission control module and powertrain control module. Id. And Plaintiffs allege that Sacramento Chrysler failed to properly store, prepare, and repair the vehicle in accordance with industry standard. Compl. ¶ 61. It is not inconceivable that problems with components and subcomponents of the minivan may have caused damage to the minivan as a whole. Thus, Defendants' argument that the economic loss rule necessarily bars recovery in tort is insufficient to establish that Sacramento Chrysler cannot be liable on any theory.

The question of whether an economic loss rule exception will ultimately apply in this case is not for the Court to determine at this stage; rather, the Court is to assess only whether there is a possibility that a state court would find that the complaint does—or an amended complaint could—state a viable claim against Sacramento Chrysler.  The Court finds that there is such a possibility, and, therefore, cannot dismiss this defendant as fraudulently joined.

C.   Rule 21

Federal Rule of Civil Procedure 21 allows the Court to "at any time, on just terms, add or drop a party."  A Court may use Rule 21 to perfect its diversity jurisdiction by dismissing a non-diverse party, but only if the nondiverse party is "dispensable" under Rule 19.  Sams v. Beech Aircraft Corp., 625 F.2d 272, 277 (9th Cir. 1980).

Setting aside the question of whether Sacramento Chrysler is a dispensable party, the Court finds it inappropriate here to dismiss this party for the sole purpose of granting itself jurisdiction.  Judges in the Eastern District of California carry among the heaviest caseloads in the nation.  Defendants have not presented any compelling reasons why the Court should disrupt Plaintiffs' choice of forum and further burden its federal docket when not required to do so by law.  See Opp'n at 20-21.  Defendants request is denied.

D.   Sanctions

Plaintiffs exceeded the Court's 5-page limit on reply memoranda.  See Reply; see also Order re Filing Requirements (Order), ECF No. 2-2.  Violations of the Court's standing order

7

require the offending counsel (not the client) to pay $50.00 per page over the page limit to the Clerk of the Court.  Order at 1. Moreover, the Court will not consider arguments made past the page limit.  Id.  In total, Plaintiffs' reply memorandum exceeded the Court's page limit by 5 pages.  Plaintiffs' counsel must therefore send a check payable to the Clerk for the Eastern District of California for $250.00 no later than seven days from the date of this order.

### III.  ORDER

The Court declines to dismiss Sacramento Chrysler as fraudulently joined or under Rule 21.  As a result, the Court lacks subject-matter jurisdiction over this case.  Plaintiffs' motion to remand this action to the Sacramento County Superior Court is GRANTED.

IT IS SO ORDERED.

Dated: August 25, 2020

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE